# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------------X

BRIAN SKVARLA, on behalf of himself and all others
Similarly situated,

                      Plaintiff,

     v.

MRS BPO, LLC and JOHN AND JANE DOES 1-10,

                      Defendants.

-------------------------------------------------------------------X
To the above-named Defendant:

Index No.:

**SUMMONS**

Plaintiffs designate
NEW YORK COUNTY
as the place of trial

The basis of the venue is
Plaintiff's residence

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: November 6, 2020

       *s/Alla Gulchina*
        Alla Gulchina

Alla Gulchina
Francis R. Greene
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Alla@ SternThomasson.com

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiff, Brian Skvarla*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

BRIAN SKVARLA, on behalf of himself and all others similarly situated,

                    Plaintiff,

        v.

MRS BPO, LLC and
JOHN AND JANE DOES 1-10,

                    Defendants.
-------------------------------------------------------------------X

Index No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This action is brought by Plaintiff, BRIAN SKVARLA ("SKVARLA") against Defendant, MRS BPO, LLC ("MRS") and JOHN AND JANE DOES 1-10 ("DOES"), based on the following:

### I.     PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated to seek redress for the illegal practices of Defendant, when attempting to collect alleged debt from him, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p).

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies,

Page **3** of **14**

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a

Page **4** of **14**

list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

8. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

10. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under the FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

11. SKVARLA is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the City of New York, New York County, New York.

12. MRS is a for-profit foreign limited liability company formed under the laws of the State of New Jersey.

13. On information and belief, a principal business location of MRS is in located at 1930 Olney Avenue, Cherry Hill, New Jersey.

14. MRS' registered agent in New York is National Corporate Research Ltd., 122 East 42nd Street, 18th Floor, New York, New York 10168.

Page **5** of **14**

15. DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

### III. JURISDICTION & VENUE

16. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

17. The Court has personal jurisdiction over Defendant pursuant to CPLR 301 and CPLR 302(a)(1) because Defendant transacts business within the state.

18. Venue is appropriate in New York County pursuant to CPLR 503 and 509 because Plaintiff resides in New York County.

### IV. FACTS RELATING TO DEFENDANT

19. MRS regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

20. MRS is a business, the principal purpose of which is the collection of defaulted consumer debts.

21. In attempting to collect debts, MRS uses instruments of interstate commerce such as the mails, the telephone, the the internet.

22. On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of MRS that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by MRS and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

Page **6** of **14**

## V. FACTS RELATING TO SKVARLA

23. MRS mailed, or caused to be mailed, a letter dated November 6, 2019 ("the Letter") to SKVARLA.

24. A true and correct copy of the Letter is attached as *Exhibit A*, except that portions of the Letter are redacted.

25. On information and belief, the Letter was mailed on or after the Letter's date.

26. The Letter concerned a financial obligation for a JP Morgan Chase Bank N.A. account ("the Debt").

27. The SKVARLA Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

28. The Debt was placed with MRS for purposes of collection.

29. The Letter contended that SKVARLA owed the Debt in the amount of $20,093.12.

30. The Letter providede SKVARLA offers to resolve the account.

31. The first offer was presented as a single payment offering SKVARLA to "[m]ake a ONE-TIME payment of $7,233.52 by 11/20/2019 to resolve your account."

32. The second offer was presented as a a two payment settlement offering SKVARLA to "[m]ake TWO PAYMENTS of $4,621.42 as follows: Payment 1 by 11/20/2019 Payment 2 by 12/20/2019 to resolve your account."

33. SKVARLA was also offered the opportunity to make monthly payments on the full balance of the account.

34. The Letter also stated: "[w]e are not obligated to renew these offers."

Page **7** of **14**

35. Through the use of its Letter, MRS created a sense of urgency characteristic of one-time take-it-or-leave-it settlement offers by requiring an offer to be accepted only by its receipt of a payment and fixing the deadline for payment just fourteen days after the date of the Letter.

36. With the Letter being mailed on November 6, 2019, or sometime thereafter, and the deadline for MRS to receive a payment by November 20, 2019, SKVARLA had less then 14 days within which to accept any of the offers discounting the amount of the debt thereby creating a sense of urgency which could lead the least sophisticated consumer into making a decision about when to pay the Debt which would not have been made had the Letter not created the sense of urgency.

37. In fact, MRS would have honored the acceptabce of the offered settlement if payment were made at anytime while the Debt was placed with MRS for collection. In addition, during the time when the Debt was placed with MRS for collection, MRS was obligated to renew the settleemnt offers either as stated in the Letter or on terms more favorable to SKVARLA.

38. Thus, MRS created a false sense of urgency which could materially affect the financial decisions of the least sophisticated consumer and misrepresented that it was not obligated to renew the settlement offers.

39. The statement, "[w]e are not obligated to renew these offers" is materially false, deceptive and misleading because MRS is *always* obligated by the creditor to renew the offers stated in the Letter.

40. MRS' false and misleading statements that "we are not obligated to renew these offer" were materially false, deceptive, and misleading, because they influence the least

Page **8** of **14**

sophisticated consumer's decision to accept one of the offers out of fear that they might not be renewed.

41. The Letters deprived SKVARLA of truthful, material, non-misleading information in connection with MRS' attempt to collect a debt.

### VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

43. MRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

44. DOES are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

45. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

46. SKVARLA is a "consumer" as defined by 15 U.S.C. § 1692a(3).

47. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

48. The use and mailing of *Exhibit A* by MRS violated the FDCPA in one or more following ways:

    (1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (2) Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A); and

    (3) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

### VII. CLASS ALLEGATIONS

49. The Letter is a form letters. Specifically, the Letter was created by merging electronically-stored information specific to the Debt (including but not limited to the

Page **9** of **14**

addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letters.

50. MRS' conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to NY CLS CPLR § 901.

51. ***Class Definition.*** Plaintiff seeks to certify a Class.The Class is defined as:

> All natural persons to whom MRS mailed a written communication in the form of ***Exhibit A*** to a New York address during the Class Period beginning on November 6, 2019 and ending on November 27, 2020 where: (1) the letter contained an offer to settle a debt owed to JP Morgan Chase Bank N.A. for less than the full amount of the debt; (2) the stated offer(s) required either one or two payments with a stated deadline for each payment and (3) the letter included the statement "We are not obligated to renew these offers."

52. Class members' identities are readily ascertainable from MRS' business records.

53. ***Class Claims.*** The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from MRS having sent a written communication in the same form as ***Exhibit A.***

54. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of NY CLS CPLR § 901because there is a well-defined community interest in the litigation:

(a) ***Numerosity.*** On information and belief, the Class are so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over

Page **10** of **14**

    any issues involving only individual Class members because those questions concern the same conduct by Defendant with respect to each Class member.

  (c) ***Typicality.*** The claims of Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

  (d) ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as he has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

55. Certification of a class under NY CLS CPLR § 901 is appropriate in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of Class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under NY CLS CPLR § 906, (b) using a modified definition of the Class, or the claims of the Class; and (c) a different Class Period.

### VIII. PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff demands judgment against MRS BPO, LLC. Specifically, Plaintiff requests entry of an Order:

(1) Certifying that this action may be maintained as a class action pursuant to NY CLS CPLR § 901 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

(2) Awarding an incentive award to Plaintiff for his services on behalf of the Class;

(3) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

(4) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(5) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff, a sum sufficient to ameliorate such consequences; and

(6) Providing for such other and further relief as may be just and proper.

### IX. JURY DEMAND

58. Trial by jury is demanded on all issues so triable.

Dated: November 6, 2020

        *s/Alla Gulchina*
        Alla Gulchina
Francis R. Greene
Alla Gulchina
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Alla@ SternThomasson.com

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiff, Brian Skvarla*

To:
MRS BPO LLC
National Corporate Research Ltd.
122 East 42nd Street, 18th Floor, New York, NY 10168

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------------------X

BRIAN SKVARLA, on behalf of himself and all others similarly situated

                                                                                            Index No.:

                       Plaintiff,

        v.

MRS BPO, LLC and
JOHN AND JANE DOES 1-10,

                     Defendant.

-----------------------------------------------------------------------X

**SUMMONS AND COMPLAINT**

---

Stern Thomasson, LLP
Law Office of Simon Goldenberg PLLC

Attorneys for

BRIAN SKVARLA
Plaintiff

818 East 16th Street
Brooklyn, NY 11230
(347) 640- 4357

Page **14** of **14**

# *Exhibit A*



S-SFMRSA11
PB3M8Q00205743 - 596328743 I11486
Return Address :
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

MRS Associates
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
888-902-9643

Office Hours:
Monday - Thursday 9am - 9pm ET
Friday 9am - 5pm ET



BRIAN F SKVARLA

November 6, 2019

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | LU4 4718692 |
| BALANCE DUE: | $20,093.12 |

Dear BRIAN F SKVARLA,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 888-902-9643. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $7,233.52 by 11/20/2019 to resolve your account | Make **TWO PAYMENTS** of $4,621.42 as follows: Payment 1 by 11/20/2019 Payment 2 by 12/20/2019 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://mrspay.webview.com

 **Pay by Phone**
888-902-9643

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,
MRS Associates
888-902-9643
MRS Associates is a trade name of MRS BPO, L.L.C.

**NEW YORK CITY RESIDENTS:**
New York City Department of Consumer Affairs, license number 1292105, 1292103, 2068661.
MRS Associates contact: Lee White - Mon - Fri 9 AM - 5 PM ET (800) 716-6429.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

MRS ASSOCIATES | 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 | 888-902-9643
OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET | FRIDAY 9AM - 5PM ET

ICON/PT