UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN SKVARLA, on behalf of
himself and all others similarly situated,

                Plaintiffs,

– *against* –

MRS BPO, LLC AND JOHN AND
JANE DOES 1- 10,

                Defendants.

**OPINION & ORDER**

21 Civ. 55

RAMOS, D.J.:

Brian Skvarla, on behalf of himself and all persons similarly situated, brings this action against MRS BPO, LLC, and John and Jane Does 1-10, claiming that MRS improperly attempted to collect an alleged debt from him in violation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §§ 1692-1692p. Before the Court is MRS's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 10. For the reasons set forth below, the motion is GRANTED.

**I. BACKGROUND**

    **a. Factual Background**

MRS is a debt collector that regularly engages in the collection of "defaulted consumer debts." Doc. 1 at 6. Skvarla alleges that he received a letter (the "Letter") from MRS on November 6, 2019, seeking to collect on a debt of $20,093.12 owed to JP Morgan Chase Bank. *Id.* at 7. The Letter included the following language making several offers to settle the debt:

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $7,233.52 by 11/20/2019 to resolve your account | Make **TWO PAYMENTS** of $4,621.42 as follows: Payment 1 by 11/20/2019 Payment 2 by 12/20/2019 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ex. A to Pl's Compl.

The Complaint is premised on the contention that the phrase "[w]e are not obligated to renew these offers" is false and misleading. Doc. 1. at 7.

### b. Procedural History

On November 6, 2020, Skvarla filed this action in the Supreme Court of the State of New York, County of New York. Doc. 10. On January 5, 2021, it was removed to this Court pursuant to 28 U.S.C. § 1441. *Id.* at 1. On February 19, 2021, MRS moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

## II. LEGAL STANDARD

*Motion to Dismiss Fed. R. Civ. P. 12(b)(6)*

Under Rule 12(b)(6), a complaint may be dismissed for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the Court accepts that all the factual allegations are true and draws "reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the

elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one in which "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The question on a motion to dismiss "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).

*Fair Debt Collection Practices Act*

The Fair Debt Collection Practices Act was enacted in 1977 to address practices that were "abusive, deceptive, and unfair" by debt collectors, "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(a),(e). The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Wiener v. Bloomfield*, 901 F. Supp. 771, 774 (S.D.N.Y. 1995); 15 U.S.C. § 1692(e). It also forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

To establish a violation under the FDCPA, three elements must be proven: "(1) the plaintiff [must] be a 'consumer' who allegedly owes the debt or a person who has been the object

3

of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements." *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559–60 (E.D.N.Y. 2017) (citing *Scott v. Greenberg*, No. 15-CV-05527 (MKB), 2017 WL 1214441, at *4 (E.D.N.Y. Mar. 31, 2017)). To determine if there has been a violation of the FDCPA, this district applies the "least sophisticated consumer" standard to the communications in question. *See Ellis v. Solomon & Solomon, PC.*, 591 F.3d 130, 135 (2d Cir. 2010). When applying this standard, courts ask "how the least sophisticated consumer […] would understand the collection notice." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016).

## III. DISCUSSION

### A. The Letter is Not Misleading under the FDCPA

In applying the least sophisticated customer standard, "courts have held that collection notices violate the FDCPA if the notices contain language that 'overshadows' or 'contradicts' other language that informs consumers of their rights." *Cloman v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). Skvarla claims that the Letter is materially false, deceptive, and misleading under § 1692e of FDCPA. In particular, he alleges that the statement "we are not obligated to renew these offers" is false and misleading, because MRS is "always" obligated to renew such offers. Doc. 11 at 1. Skvarla also insists that the statement, in conjunction with the deadlines, created a sense of urgency of "one-time take-it-or-leave-it settlement offers" by requiring that the first payment be made only 14 days after the date of the Letter. *Id.*; Doc. 10 at 1. He also alleges

4

that the Letter might influence the "least sophisticated consumer" to accept one of the offers in fear that it will not be renewed.  Doc. 1 at 8.

MRS argues the statement "we are not obligated to renew this offer" is not misleading as a matter of law.  In support, it cites several cases that have upheld this phrase as "safe harbor" language that does not violate the FDCPA, because it "merely inform[s] the consumer that there may not be other settlement offers, while 'dispel[ling] any false impression by the consumer as to his or her options.'"  *Preston v. Midland Credit Mgmt., Inc.*, 948 F.3d 772, 778 (7th Cir. 2020); *see also Evory v. RJM Acquisitions Funding L.L.C*., 505 F.3d 769, 776 (7th Cir. 2007) (finding no FDCPA violation when the safe harbor language "[w]e are not obligated to renew this offer" was used).  Other courts, including the Eastern District of New York, have also held that this "safe harbor" language provides a defense against allegations that a debt collection communication is false or misleading under the FDCPA.  *See Saraci v. Capital Mgmt. Servs., L.P.*, 18-cv-05149-AMD-RER, 2019 WL 4602827 (E.D.N.Y. Sept. 23, 2019); *Dillard v. FBCS, Inc.*, 19-CV-968(KAM)(RER), 2020 WL 4937808, at *5 (E.D.N.Y. Aug. 24, 2020).

The Court finds MRS's argument more persuasive.  In *Evory*, the Seventh Circuit concluded that identical language would adequately address the chance that a debtor would receive a "false impression of his options by the debt collector's including [the safe harbor language] with the offer."  *Evory*, 505 F.3d at 776.  The Seventh Circuit noted that the word "obligated" would effectively communicate to the unsophisticated consumer that "there is a renewal possibility but that it is not assured."  *Id.*  If debt collectors disclosed that their offers would continue even after a rejection, the court reasoned, then the offers would be useless and payments never paid.  *Id.* at 775; *see also Sarder v. Acad. Collection Serv., Inc.*, No. 02-CV-

2486 (NG)(VVP), 2005 WL 615831, at *3 (E.D.N.Y. Mar. 3, 2005) (concluding that if disclosure was necessary, then it would deter collectors "from ever offering a lower settlement amount, and thus eliminat[ing] settlement possibilities.").

In *Saraci*, the E.D.N.Y. relied on *Evory* and rejected the challenge to the statement "we are not obligated to renew this offer." *Saraci*, 2019 WL 4602827 at *2. The court held that "[t]here is nothing misleading or improper about making a settlement offer and including a deadline with that offer." *Saraci*, 2019 WL 4602827 at *2 n.3 (citing *DeGeorge v. Financial Recovery Service, Inc.*, No. 11-CV-04288, 2012 WL 4473229, at *6 (E.D. Pa. Sep. 28, 2012). According to the court, there was nothing in the statement that suggested the offer was a one-time deal. *Id*. Conversely, the court found that the intent of the letter was to communicate that "the defendant could renew the offer, but was not obligated to do so." *Id*. at *3 (citing *Evory*, 505 F.3d at 769).

In *Dillard*, the defendant sent the plaintiff a letter offering to resolve her account, which provided four different options (three of which were payments and one of which offered the ability to discuss with a representative). *See Dillard*, 2020 WL 4937808 at *1. On the front page, the letter stated, "[p]lease see reverse side for important information," which included the language "FBCS, Inc. is not obligated to renew this offer." *Id.* at *1-2. The court held that the Defendant properly used the safe harbor language, and that it was not misleading to the least sophisticated consumer when viewing the letter as whole, even though the safe harbor language appeared on the back of the letter. *Id.* at *5. The court held that the letter was clear, reasonable and concise. *Id*. at *6.

Skvarla argues in response that the Court should not follow *Evory* and its use of the safe harbor language, contesting that MRS *is* obligated to renew the offer. *See Evory*, at 505 F.3d 769; *see also* Doc. 1. However, Skvarla's allegation is not supported by facts that would provide a basis for there being an obligation to renew the offer, and is thus conclusory. *See Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 544) (pleadings must allege facts that are plausible and not merely conclusory statements). It is true that "debt collectors [. . .] frequently renew their offers if the consumer fails to accept the initial offer." *Evory*, 505 F.3d at 775. However, this is not the same as MRS having an obligation to renew the offer. Rather, the safe harbor language exists so that the least sophisticated consumer does not believe that this offer will be final or that it will be certainly renewed. *See Evory*, 505 F.3d at 769; *see also Preston*, 948 F.3d at 772.

The Court finds that the safe harbor language does not mislead the "least sophisticated consumer" by creating a false sense of urgency regarding the offers. Debt collection letters must be read as a whole, "[s]o long as nothing on the front of the letter overshadows or contradicts the [information required by statute]." *McStay v. I.C. Sys. Inc.*, 308 F.3d 188, 191 (2d Cir. 2002). When looking at the Letter as a whole, the safe harbor language follows the offers. Moreover, Skvarla's argument that the Letter creates a "sense of urgency" is rebutted by the language that immediately follows the offers, that "[i]f you need additional time to respond to these offers, please contact us." Doc. 1. This statement undermines Plaintiff's argument that the language is misleading.

Consistent with the decisions of other circuits that have analyzed the same language under similar circumstances, the statement made by MRS in the Letter is not misleading as a matter of law.

## B. Materiality Requirement

MRS also argued that "[e]ven if MRS' letter is misleading, there is no material violation of the FDCPA." Doc. 10 at 9. A statement is considered material "if it is capable of influencing the decision of the least sophisticated [consumer]." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015)); *see also Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."). Here, it is not necessary to address the materiality requirement because the Court finds the safe harbor language adequate and not misleading as a matter of law. 15 U.S.C. §§ 1692-1692p. Because it is not misleading, it also cannot be *materially* misleading.

## IV. CONCLUSION

For the foregoing reasons, MRS's motion to dismiss Skvarla's complaint is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 9, and enter judgment for MRS.

It is SO ORDERED.

Dated: July 12, 2021
New York, New York

EDGARDO RAMOS, U.S.D.J.